CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

6/12/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No.: 1:25-cr-00048 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WALTER DAVIS FUENTES-LOPEZ, | ) | |
| | ) | By:     Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendant. | ) | |

The defendant, Walter Davis Fuentes-Lopez, challenges the magistrate judge's ruling that his delusional disorder currently renders him mentally incompetent to enter a guilty plea. (*See* Def.'s Objs. R.&.R. ("Def.'s Objs.") [ECF No. 69].) For the reasons explained below, the court agrees with, and will adopt, the magistrate's recommendation on this issue.

## I.      Relevant Background and Procedural History

Fuentes-Lopez is currently charged in a single-count indictment with unlawful reentry of a removed alien, in violation of 8 U.S.C. § 1326. (*See* ECF No. 24.) On December 2, 2025, Magistrate Judge Pamela Meade Sargent entered an order committing him for a psychiatric evaluation to determine whether he was competent to proceed. (*See* ECF No. 45.) The magistrate judge did so on her own motion after learning that Fuentes-Lopez had repeatedly claimed, including to a U.S. probation officer, that a Mexican drug cartel had implanted a "chip" in his brain, which they utilized to speak to him and, in turn, control his thoughts and behavior. (ECF Nos. 44, 45, 69.) Judge Sargent ordered this referral shortly after the defendant had noticed his intent to enter a guilty plea to the illegal-reentry charge. (ECF No. 44.) His attorney objected to the referral, arguing that, despite his recent claims about being controlled

by an implanted chip, Fuentes-Lopez was fully competent to proceed with a guilty plea and sentencing.[1] (ECF Nos. 45, 72.)

Following the entry of Judge Sargent's order, the government transferred Fuentes-Lopez to the Federal Bureau of Prisons' ("BOP") Federal Medical Center in Lexington, Kentucky, for a psychiatric evaluation. (*See* ECF No. 46.) On January 28, 2026, the BOP clinical psychologist who evaluated the defendant issued a report summarizing her findings and conclusions. (ECF No. 47.)

The BOP psychologist first noted that after conducting extensive interviews with the defendant and administering various psychological tests, she had diagnosed him with "Delusional Disorder, persecutory type, continuous[.]" (*Id.* at 7.) She further opined that Fuentes-Lopez's condition "prevents him from adequately participating in the legal proceedings[.]" (*Id.* at 11.) Although the BOP psychologist noted that the defendant had exhibited "a factual and some rational understanding of the legal proceedings and his alleged charges[,]" she nevertheless concluded that "his ability to make legal decisions about his case was impaired by his delusional beliefs." (*Id.*) The psychologist thus concluded that Fuentes-Lopez "is currently suffering from a mental disease rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." (*Id.* at 12.)

---

[1] According to defense counsel, Mr. Fuentes-Lopez would likely face an advisory Sentencing Guidelines range of 0 to 6 months' imprisonment and, consistent with the typical practice in this district of expediting illegal-reentry prosecutions, would be eligible for a time-served sentence (followed by administrative deportation from the United States). (*See* Second Competency Hr'g Tr. 38:13–15 [ECF No. 74].) Defense counsel is, thus, justifiably concerned that protracted competency proceedings will result in Fuentes-Lopez being incarcerated for much longer than he otherwise should.

Following this evaluation, the government transferred the defendant from FMC-Lexington back to this district. On March 4, 2026, Judge Sargent held a competency hearing. (ECF No. 50.) The court entered the above-referenced psychological report into evidence, and the government relied on that report to argue that the defendant was not competent. (First Competency Hr'g Tr. 3:24–4:2 [ECF No. 72.].)

Counsel for Fuentes-Lopez, however, took issue with the report and its ultimate findings and called the defendant as a witness to attempt to convince Judge Sargent that he was, despite the psychologist's assessment, competent to proceed. (*Id.* at 4:5–15.)

The defendant testified that he was currently taking anti-psychotic medication, and that, as a result, he no longer had obsessive thoughts about the implanted chip, which, he acknowledged, had previously affected his ability to understand what was happening around him. (*Id.* at 5:12–6:16.) Defense counsel then asked Fuentes-Lopez a series of questions about his criminal case, including the nature and potential consequences of the charge and his rights as a criminal defendant, as well as the respective roles of the prosecutor, judge, and defense attorney. (*Id.* at 6:17–7:22.) The defendant answered these questions correctly. (*See id.*) On cross-examination by the government, Fuentes-Lopez maintained that he no longer believed that he had a chip in his head, but he admitted to still hearing voices occasionally. (*Id.* at 9:12–14.)

At the conclusion of the evidence, Judge Sargent indicated that, based on the BOP psychologist's incompetency finding and the defendant's concession on cross-examination that he was still hearing voices, she was unable to grant with the defendant's request to find him competent to proceed. (*Id.* at 13:19–24.) Judge Sargent explained:

> [Counsel], I don't think I'm comfortable making the determinations you want me to make. One, I don't know that I'm qualified to do so without an expert opinion on it. But I don't know that I would be comfortable myself making that determination based on your client's testimony today that he's still hearing the voices on occasion.

(*Id.*) But Judge Sargent then indicated that before ruling on the matter, she would give the defendant the opportunity to be evaluated, for a second time, by a psychiatrist of his choice. (*Id.* at 13:25–15:13.) Defense counsel agreed to this proposed course of action and quickly arranged for his client to be assessed by Dr. Joesph Guthrie, M.D., a board-certified forensic psychiatrist. (ECF No. 54.)

Dr. Guthrie evaluated the defendant on March 27, 2026, and issued his report on April 14, 2026. (ECF No. 57.) In his report, Dr. Guthrie opined that Fuentes-Lopez continued to suffer from a delusional disorder that impaired "his ability to rationally understand the proceedings against him and assist his attorney with his defense." (*Id.* at 9.) In reaching that conclusion, Dr. Guthrie noted that although the defendant had initially denied believing that a "neural transmitter" or communication chip had been planted in his brain, he later "endorsed persistent belief in having an implanted device in his brain and associated hallucinations." (*Id.* at 6.)

On May 13, 2026, Judge Sargent conducted a second evidentiary hearing, at which Dr. Guthrie testified. (Second Competency Hr'g Tr. [ECF No. 74].) In sum, Dr. Guthrie testified that Fuentes-Lopez understood the nature of the felony charge against him, his rights as a criminal defendant, and, for the most part, the respective roles of the judge, the prosecutor, and his defense attorney. (*Id.* at 5:19–7:25.) Moreover, Dr. Guthrie noted that Fuentes-Lopez accurately related relevant historical facts, including that he had previously reported having a

chip in his brain and experiencing auditory hallucinations (*Id.* at 13:11–16.)But, as noted in his report, Dr. Guthrie testified that, despite the defendant's initial denials about persisting in these irrational beliefs, Fuentes-Lopez later changed course during his evaluation and reiterated his belief that there was, in fact, a chip in his brain. (*Id.* at 17:6–14.) Based on that admitted delusion, Dr. Guthrie opined that Fuentes-Lopez was not competent to proceed. (*Id.* at 20:7–11.) Dr. Guthrie acknowledged that it was a close call, but he explained that he erred on the side of incompetence given the nature and persistence of the delusional disorder and the inability of the court and defense counsel to ascertain whether, and to what extent, it was influencing the defendant's decisions. (*Id.* at 19:10–20:11.)

On May 15, 2026, Judge Sargent issued a detailed order finding Fuentes-Lopez incompetent to proceed based on the evidence summarized above. (ECF No. 68.) Invoking 18 U.S.C. § 4241(d)(1), she ordered the defendant committed to the custody of the Attorney General to be hospitalized and treated for a reasonable period, but not to exceed four months, with the goal of restoring him to competency. (*Id.* at 4.) The defendant objected to Judge Sargent's incompetency finding and commitment order on May 21, 2026, (ECF No. 69), and the government filed a brief in support of the magistrate's decision on June 8, 2026,[2] (ECF No. 79.)

## II.    Standard of Review

The defendant styles this pleading as an objection to a report and recommendation, even though the magistrate judge appears to have treated her competency ruling as an order

---

[2] Insofar as the relevant factual record is set forth in the transcripts of the prior hearings, the psychological reports, and the magistrate's orders, and the parties' legal arguments are adequately laid out in their written briefs, the court elected not to hold another hearing on the matter.

on a non-dispositive matter. This distinction matters for purposes of how this court is to review Judge Sargent's decision.

Under Federal Rule of Criminal Procedure 59(a) magistrate judges may "determin[e]" by "oral or written order" "any matter that does not dispose of a charge or defense."  These types of matters are commonly referred to as "non-dispositive," and district judges may "modify or set [them] aside" only if they are "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Magistrate judges, however, have more limited authority over dispositive matters, which Rule 59(b)(1) provides include "a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). When a district judge refers a dispositive matter to a magistrate judge, she may only issue a report and recommendation on the issue, and the presiding district judge must review *de novo* any objection to it. Fed. R. Crim. P. 59(b)(1)–(3).

Pretrial competency decisions are generally deemed non-dispositive matters subject to clearly erroneous review. *See United States v. Cabrera-Rivas*,[3] 142 F. 4th 199, 211 (4th Cir. 2025); *United States v. Roof*, 10 F.4th 314, 341 n.8 (4th Cir. 2021). But Fuentes-Lopez vaguely asserts that the issue of his competency—or, more precisely, a lack thereof—should be treated as a dispositive matter, because he may never be deemed competent to stand trial. That circumstance, in turn, would effectively dispose of the charge against him. Indeed, this case presents the unusual scenario of a defendant who is challenging a finding of incompetency, rather than competency, and the court has been unable to find any persuasive, let alone

---

[3] In *Cabrera-Rivas*, the Fourth Circuit was presented with the question of whether a competency determination is dispositive, though it declined to definitively answer it, given the defendant's failure to preserve the objection below. 142 F.4th at 210–12.

binding, authority on point. Ultimately, two different experts have already opined that the

defendant's apparently intractable psychotic delusions render him incompetent to stand trial,

so his concern that future evaluations may yield a similar result is not far-fetched. And insofar

as another finding of incompetency might indefinitely bar any prosecution on the illegal

reentry charge, the issue previously before Judge Sargent may fairly be described as one that

"*may* dispose of a charge or defense." Fed R. Crim. P. 59(b)(1) (emphasis added).  Accordingly,

out of an abundance of caution, the court will construe the magistrate judge's prior ruling as

a report and recommendation on a dispositive matter and review it *de novo*.[4]

### III.    Competency

"A criminal defendant may not be tried unless he is competent." *Godinez v. Moran*, 509

U.S. 389, 396 (1993). It is well-established that a defendant is deemed competent when "he

has sufficient present ability to consult with his lawyer with a reasonable degree of rational

understanding—and [when] he has a rational as well as factual understanding of the

proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). But "[n]ot every

manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence

must indicate a present inability to assist counsel or understand the charges." *Burket v. Angelone*,

208 F.3d 172, 192 (4th Cir. 2000) (citation omitted). "Likewise, neither low intelligence, mental

deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental

incompetence to stand trial." *Id.* Ultimately, the court need only ensure that the defendant

---

[4] As explained below, applying this non-deferential standard of review, the court reaches the same conclusion as Judge Sargent. Thus, the outcome would necessarily be the same if it deferentially reviewed her decision for clear error. Stated differently, this threshold issue is purely academic.

presently has "the capacity to understand, the capacity to assist, and the capacity to communicate with his counsel." *Bell v. Evatt*, 72 F.3d 421, 432 (4th Cir. 1995).

Applying that standard, Fuentes-Lopez argues that this court should find that he is competent to proceed. (Def.'s Objs. at 4.) Specifically, the defendant points out that, over the course of two competency evaluations—and while he was a witness at the first evidentiary hearing—he demonstrated that he understood the charge against him, his various rights as a criminal defendant, including his right to plead guilty, and the respective roles of the judge, the prosecutor, and his defense attorney. (*Id.*) Moreover, Fuentes-Lopez notes that Dr. Guthrie recounted how he had accurately recalled historical facts about his delusional disorder and its attendant symptoms during his evaluation, and that he remained calm and cooperative throughout. (*Id.*) In sum, the defendant argues that this evidence "is sufficient to clear the low bar that is competency[,]" and that he should be allowed to plead guilty. (*Id.*)

The court disagrees. Although it accepts the general proposition that competency is a low bar, the defendant, based on the extensive evidence presented to date, has failed to clear it. As Judge Sargent correctly noted, two mental-health experts—a BOP forensic psychologist and a board-certified forensic psychiatrist selected by defense counsel—have separately opined that Fuentes-Lopez continues to suffer from delusional disorder with persistent hallucinatory symptoms, including hearing voices. Unless or until those symptoms abate, both experts agree that the court cannot be reasonably confident that the defendant's decision-making is sufficiently devoid of undue delusional influence, or otherwise based on rational thought. Put simply, the uncontroverted evidence presented to date leads to the ineluctable conclusion that Fuentes-Lopez is presently suffering from a mental disease that renders him

mentally incompetent, such that he is unable to understand (fully) the proceedings against him and to assist properly in his defense. Judge Sargent, therefore, had no choice but to commit him to the custody of the Attorney General for a reasonable period (not to exceed four months) to attempt to restore him to competency.[5] *See* 18 U.S.C. § 4241(d)(1).

## IV.    CONCLUSION

For these reasons, the court will overrule the defendant's objections, adopt the magistrate judge's recommendation that Fuentes-Lopez is currently not competent to proceed, and thus endorse her prior order to restore him to competency.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 12th day of June, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[5] The court would be remiss if it didn't note that the defendant has now been in custody on the illegal-reentry charge for approximately eight months. Although the court has insufficient information at this stage to calculate the defendant's advisory Guidelines range, it accepts defense counsel's prior representations that the defendant, at some point in the near future, will, if he hasn't already, likely pass the milestone of being incarcerated for longer than he otherwise would have been had the court initially found him competent, allowed him to plead guilty, and sentenced him. Accordingly, the court hopes that the government will evaluate the propriety of continuing to pursue the instant prosecution if Fuentes-Lopez is not restored to competency in the very near future.